UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIA ANN KLAES,<br>    Plaintiff,<br><br>    vs.<br><br>ADVOCATE CONSULTING LEGAL<br>GROUP, PLLC, f/k/a ADVOCATE<br>AIRCRAFT TAXATION COMPANY,<br>    Defendant. | 1:09-cv-1023-LJM-WGH |

## **ORDER ON MOTION FOR RECONSIDERATION**

This matter comes before the Court on Plaintiff's, Julia Ann Klaes ("Klaes"), motion for reconsideration of the Court's ruling on Defendant's, Advocate Consulting Legal Group, PLLC ("ACLG"), motion to dismiss. Dkt. No. 62. Klaes worked for Advocate Aircraft Taxation Company ("AATC") as a bookkeeper. Dkt. No. 62. On October 1, 2008, AATC sold its assets to ACLG. *Id.* Klaes alleged in her Complaint that while she was working at AATC Louis Meiners, AATC's owner, subjected her to quid pro quo harassment and a hostile work environment. Dkt. No. 1. Klaes brought suit against "Advocate Consulting Legal Group f/k/a Advocate Aircraft Taxation Company." *Id.* ACLG and AATC both filed motions to dismiss for lack of personal jurisdiction. Dkt. No. 12; Dkt. No. 14. The Court found that AATC's motion was moot because AATC was not actually named in the case, and granted ACLG's motion to dismiss because the Court concluded that it lacked personal jurisdiction over ACLG. Pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b), Klaes asks the Court to reconsider both its denial of AATC's motion to dismiss as moot, claiming that AATC behaved as a party and the court should

treat it as such, and its dismissal of Klaes' claims against ACLG instead of their transfer to the United States District Court for the Middle District of Florida. For the following reasons, Klaes' motion is **DENIED**.

## **DISCUSSION**

The Court recites the facts surrounding this case in it's order granting ACLG's motion to dismiss and for brevity will not recite them here except as necessary below. Dkt. No. 62. Klaes urges the Court to reconsider two distinct legal issues pursuant to Federal Rules of Civil Procedure 59(e) and 60(b): first, its decision to dismiss AATC's motion to dismiss because Klaes did not actually name AATC as a party, as set forth in footnote 1 of the Court's Order granting ACLG's motion to dismiss; second, the dismissal of Klae's claims against ACLG as opposed to their transfer to the Middle District of Florida. The Court will address each issue in turn.

### **I. DENIAL OF AATC'S MOTION AS MOOT**

On the question of whether AATC's motion to dismiss should have been denied as moot, Klaes requests that the Court allow her to amend her complaint to name both AATC and ACLG as defendants. On the same day that the Court granted ACLG's motion to dismiss, it entered judgment dismissing the case. Dkt. No. 63. Although Klaes' motion is essentially one requesting leave to amend her complaint because she failed to sue the correct party, procedurally the Court must first consider whether it should amend or vacate its judgment under Rule 59(e) or Rule 60(b). "Once a district court enters judgment upon

a dismissal (as opposed to a mere dismissal of the complaint), the plaintiff may amend the complaint under Rule 15(a), solely with 'leave of court' after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated." *Paganis v. Blonstein*, 3 F.3d 1067, 1072 (7th Cir. 1993). Accordingly, if Klaes is not entitled to relief under Rule 59(e) or Rule 60(b), then the Court cannot reach the question of whether she is entitled to amend her complaint and whether that amendment would relate back to the original date of filing.

## A. RULE 59(e)

In order to prevail on a Rule 59(e) motion, Klaes must "clearly establish": (1) that there has been a manifest error in law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001) (abrogated on other grounds)). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Klaes argues that the Court erred in failing to treat AATC as a party to the case, but Klaes fails to demonstrate that the Court's decision is manifest error. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Klaes contends that because AATC acted like a named defendant the Court should have treated it as such and the Court's failure to do so is

3

manifest error. Klaes, however, points to no law to indicate that the Court should have treated AATC, which was not named in the caption of the case, as a party to the case. In fact, Rule 10 clearly states that a complaint must refer to all the parties in its caption. Fed. R. Civ. P. 10. Klaes failed to name AATC as an independent party and referred to both AATC and ACLG jointly throughout her briefing. Dkt. No. 62, n.2. Accordingly, the Court's decision not to treat AATC as a named defendant in the case is not a manifest error in law.

Furthermore, Klaes did not show that there was any manifest error of fact. Klaes argues that AATC should be treated as though it is a party because it behaved as though it was a party. The Court was aware of AATC's behavior and even made note of it. Dkt. No. 62, n.1. Klaes has failed to point to anything that shows a manifest error of fact.

Next, Klaes argues that newly discovered evidence in the form of a letter dated March 6, 2009, from AATC and ACLG's counsel to an EEOC official precludes entry of judgment. The letter clarified that the "proper name of the Responded [sic] in this case should be Advocate Aircraft Taxation Company, and not Advocate Legal Consulting Group, LLC." However, "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). This letter was available well before the Court entered judgment, and Klaes makes no showing why, through reasonable diligence, she could not have located the letter earlier. Accordingly, the letter does not amount to newly discovered evidence sufficient to preclude judgment for the purposes of Rule 59(e). *Cf. id.*

## B. RULE 60(b)

Klaes argues that she was confused over which party should be named in the complaint, and the Court should remedy that confusion under Rule 60(b). Vacating a judgment under Rule 60(b) is permissible for several reasons including mistake, excusable neglect, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

Although Klaes' "confusion" does not fit neatly into any particular category outlined by Rule 60(b), it is most like a "mistake" as the courts have interpreted the term. Mistakes that the court may relieve by the rule are factual and not legal. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) ("[Rule 60(b)] was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law."). "An inadvertent 'mistake' that might justify relief typically involves a misunderstanding of the surrounding facts and circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009). Determining whether a mistake warrants relief for the party under Rule 60(b) is left to the discretion of the district court. *See id.* The determination is an equitable one, and the court may take account of all the relevant circumstances of the party's mistake. *See id.*; *see also Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998).

Here, Klaes had first hand knowledge of ACLG's purchase of AATC's assets. *See* Dkt. No. 26-1 ¶ 6; Dkt. No. 26-2 ¶ 6. Accordingly, it does not appear that she made a mistake of fact in failing to name AATC as a separate party. Therefore, Klaes' confusion regarding who to name as the defendant in her suit does not amount to an exceptional

circumstance that warrants remedy under Rule 60(b). Because the Court finds that Klaes is not entitled to relief under either Rule 59(e) or Rule 60(b), it cannot give her leave to amend her Complaint. See *Paganis*, 3 F.3d at 1072.

## II. DISMISSAL OF KLAES' CLAIMS

Klaes asserts that the Court should have transferred her case to the Middle District of Florida instead of dismissing it for lack of personal jurisdiction. She argues that because the statute of limitations forecloses the possibility of refiling in Florida, the Court must transfer her case in the interest of justice pursuant to 28 U.S.C. § 1406 and 28 U.S.C. § 1631. Klaes had the opportunity to request such a transfer in her response to ACLG's motion, but she did not seize it. Klaes relies on *O'Neal v. Hatfield*, 921 F. Supp. 574 (S.D. Ind. 1996), for the proposition that where a plaintiff is prevented from refiling due to the statute of limitations, the Court should not dismiss a case but instead transfer it. However, in *O'Neal*, the plaintiffs asked for transfer prior to the court's final judgment. *Id.* at 575. In her response to ACLG's motion to dismiss, Klaes failed to argue in the alternative for transfer in the event the Court found personal jurisdiction over ACLG wanting. In fact, when ACLG did argue for transfer as an alternative to dismissal, Klaes simply responded by asserting that dismissal was not appropriate and ACLG's arguments in favor of transfer did not overcome "the strong presumption in favor of honoring the plaintiff's choice of forum." Dkt. No. 26, p. 13. Motions for reconsideration are not "an appropriate forum . . . [for] arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

Finally, Klaes should have known that there was only a slight probability of obtaining personal jurisdiction over ACLG in Indiana as ACLG is a Florida company that has done minimal business in Indiana, the incident in question occurred in Florida, and the decision to terminate Klaes occurred in Florida. *See Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003) ("While dismissing the suit because of a mistake that is 'easy to commit' might be 'so disproportionate' a penalty as to constitute an abuse of discretion, the 'proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one.'" (quoting *Cote v. Wadel*. 796 F.2d 981, 985 (7th Cir. 1986)). Therefore, because Klaes had the opportunity to request transfer prior to final judgment and failed to do so, and because she should have known that there was only a slight possibility that the Court would have personal jurisdiction over ACLG in Indiana, her request that the Court transfer this case to the Middle District of Florida is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Klaes' Motion for Reconsideration is **DENIED**. Klaes' motion to stay (Dkt. No. 67) is **DENIED** as **MOOT**.

IT IS SO ORDERED this 2nd day of December 2010.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Amanda C. Couture
DELANEY & DELANEY
acouture@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Amy L. Garrard
GRAY ROBINSON, P.A.
amy.garrard@gray-robinson.com

Edward E. Hollis
BAKER & DANIELS - Indianapolis
eehollis@bakerd.com